

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

___ *Providence County*  
Licht Judicial Complex  
250 Benefit Street  
Providence, Rhode Island 02903

_X_ *Kent County*  
Kent County Judicial Complex  
222 Quaker Lane  
Warwick, Rhode Island 02886

___ *Newport County*  
Murray Judicial Complex  
45 Washington Square  
Newport, Rhode Island 02840

___ *Washington County*  
McGrath Judicial Complex  
4800 Tower Hill Road  
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. KC 2012-391

Mildred Ise
......................................................
**Plaintiff**

Harborside Rhode Island Limitd
Partnership, Harborside Health I, LLC.
Sunbridge Health Care LLC   **Defendant**

*Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Daniel P. McKiernan, Esq. Plaintiff's attorney, whose address is McKiernan Law, 243 North Main Street, Pruidence, RI 02903 ................................................................................................................................ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

*[signature]*

............................................................  
CLERK

Dated: April 12, 2012

(Seal of the Superior Court)

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

.................................................,SC

## PROOF OF SERVICE

I hereby certify that on the ................................. day of ....................................... I served a copy of this summons and a copy of the complaint received therewith upon ....................................................................

............................................................................................................................................................

in the following manner:

    By delivering a copy of the summons and complaint to him/her personally.

    By leaving a copy of the summons and complaint at his/her dwelling house,..........................................
....................................................................(Address), with a person of suitable age and discretion then residing therein.

    By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................
...................................................................., with a person of suitable age and discretion then residing therein.

    By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely .................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:
............................................................................................................................................................
............................................................................................................................................................
............................................................................................................................................................

Sheriff's Fees
    Travel .......................... $..............................

    Service ....................... $..............................      ..............................................................
                                                                                          Deputy Sheriff

                     $..............................

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

ATTORNEY FOR PLAINTIFF

VS

SUPERIOR COURT

SUMMONS

FILE NO. ........................

CIVIL ACTION

| | |
|---|---|
| STATE OF RHODE ISLAND<br>NEWPORT, SC. | SUPERIOR COURT |
| MILDRED ISE : | |
| VS. : | C.A. NO.: KC 2012-391 |
| HARBORSIDE RHODE ISLAND LIMITED :<br>PARTNERSHIP, HARBORSIDE HEALTH I, :<br>LLC, SUNBRIDGE HEALTH CARE LLC : | |

# COMPLAINT

1. Plaintiff, Mildred Ise (hereinafter "Plaintiff") is a natural person, whose date of birth is October 19, 1914, and who at all times relevant hereto has resided in a facility located at 1139 Main Avenue, Warwick, Rhode Island currently known as the Greenwood Care and Rehabilitation Center (hereinafter "Greenwood").

2. Defendant, Sunbridge Health Care LLC (hereinafter "Sunbridge"), is a limited liability company that that is organized under the laws of the State of New Mexico, whose business is that of a long term care provider, with a principal place of business in New Mexico.

3. Sunbridge formerly was known as Sunbridge Healthcare Corporation, but filed with the New Mexico governmental authorities that regulate business entities a certificate of conversion on our about October 27, 2010 converting its legal status from that of a corporation to that of a limited liability company, and with, this caveat, Sunbridge, at all times relevant hereto, has been responsible for the operations of the Greenwood facility.

4. Defendant, Harborside Rhode Island Limited Partnership (hereinafter "Harborside LP"), is a limited partnership that that is organized under the laws of the Commonwealth of Massachusetts, whose business is that of a long term care provider, with a principal place of business in Boston, Massachusetts.

5. Harborside LP, at all times relevant hereto, has operated the Greenwood facility under the auspices of SunBridge Healthcare.

6. During the events complained of in April, 2009, Harborside LP was the owner of the real estate located at 1139 Main Avenue, Warwick, which included the Greenwood facility and its grounds, and subsequently, in or about November, 2010, transferred said ownership to Sabra Health Care Holdings III, LLC, a limited liability company formed and existing under the laws of the State of Delaware, with a principal place of business in California.

7. Defendant, Harborside Health I LLC (hereinafter "Harborside I"), is a limited liability company that that is organized under the laws of the Commonwealth of Massachusetts, whose business is that of a long term care provider, which is the general partner of Harborside LP, and which has a principal place of business in Boston, Massachusetts.

8. Harborside I, at all times relevant hereto, has operated the Greenwood facility under the auspices of SunBridge Healthcare.

9. Each defendant is subject to the personal jurisdiction of this Court insofar as they are involved in the operations of Greenwood.

10. Venue is appropriate in this Court.

11. Prior to April, 2009, Plaintiff became a resident of Greenwood pursuant to a contract by which she, or someone on her behalf, was obligated to pay certain sums of money.

12. Plaintiff's residency included a bed, as well as nursing care, food, and security, all of which were to be provided by Defendants at Greenwood insofar as she was elderly and unable to care for herself.

13. It was the responsibility of Harborside LP to select, train, supervise the persons staffing Greenwood and rendering care and providing security to Plaintiff in or about April 2009.

2

14. It was the responsibility of Harborside I to select, train, supervise the persons staffing Greenwood and rendering care and providing security to Plaintiff in or about April 2009.

15. It was the responsibility of Sunbridge to select, train, supervise the persons staffing Greenwood and rendering care and providing security to Plaintiff in or about April 2009.

16. On or about April 17, 2009, Plaintiff's son, William Ise, arrived to visit her and he noticed that her diamond engagement ring had been removed from her hand.

17. Said ring contained a 1 carat diamond, was a family heirloom and had a market value of approximately $10,000.

18. He immediately left her room and notified the personnel of Greenwood, who were in the employ of Defendants, that such ring was missing.

19. It would have been necessary to touch and cause pain to Plaintiff in order to remove said ring from her hand, due to the arthritic joints in her fingers.

20. Defendants' employees at Greenwood informed Plaintiff's son on April 17, 2009 that they had no knowledge of the whereabouts of Plaintiff's diamond ring.

21. Plaintiff's son then called the Warwick police, which arrived and commenced an investigation later that same day.

22. As part of the investigation, Plaintiff herself was unable to be of any assistance due to dementia.

23. It was determined, based on observations from witnesses who had visited Plaintiff, that the ring would have been stolen from Plaintiff's finger at some time between April 10, 2009 at 9 a.m. and April 17, 2009 at 5 p.m.

3

24. After the theft was discovered on April 17, 2009, an administrator at Greenwood acknowledged that she had seen a diamond ring on Plaintiff's finger at some point prior to April 17, 2009.

25. Prior to the theft being discovered on April 17, 2009, there had been at least one other theft from a resident of the nursing home in the weeks preceding the theft from Plaintiff.

26. The theft from Plaintiff was due to the want of care and negligence of Defendants, and each of them, insofar as Defendants did not properly secure the Greenwood facility, allowing access to helpless and elderly residents from doors that are left unlocked and not monitored, and insofar as Defendants did not properly select, train and supervise their employees.

## *Count One*
### *Breach of Contract*

26. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. There was an agreement between Plaintiff and Defendant, supported by consideration, by which Plaintiff became a resident of Greenwood.

28. Said agreement constitutes contract, part of which was to protect Plaintiff and her property, and

Defendants actions, as referenced above, constitute a breach of that agreement.

29. Defendants breach of contract has caused serious financial damage to Plaintiff, in an amount sufficient to meet the jurisdictional requirements of this Honorable Court.

WHEREFORE, Plaintiff pray that this Honorable Court enter judgment on their behalf requiring the Defendants to pay compensatory damages, attorneys' fees, interest and costs, plus such other relief as this Court deems just under the circumstances.

## *Count Two*
### *Negligence*

30. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Defendants, and each of them, were negligent in the manner in which they provided security to Plaintiff, and in the manner in which they selected, trained and supervised the persons who provided care and security to Plaintiff.

32. Defendants' negligence has caused grave financial damage to Plaintiff in an amount sufficient to establish the jurisdiction of this Court.

**WHEREFORE**, Plaintiff pray that this Honorable Court enter judgment on their behalf requiring the Defendants to pay compensatory damages, punitive damages, attorneys' fees, interest and costs, plus such other relief as this Court deems just under the circumstances.

## *Count Three*
### *Civil Battery*

33. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Defendants, and each of them, were negligent in the manner in which they provided security to Plaintiff, and in the manner in which they selected, trained and supervised the persons who provided care and security to Plaintiff.

35. The circumstances of this case support the conclusion that an employee of Defendants committed the theft of the ring.

5

37. Such touching, which would have caused great pain, constitutes civil battery.

38. The civil battery committed by defendants' employee has caused grave financial damage to Plaintiff in an amount sufficient to establish the jurisdiction of this Court.

**WHEREFORE**, Plaintiff pray that this Honorable Court enter judgment on their behalf requiring the Defendants to pay compensatory damages, punitive damages, attorneys' fees, interest and costs, plus such other relief as this Court deems just under the circumstances.

## *Demand for Jury Trial*

Plaintiff hereby demands a trial by jury on all counts so triable and designates Daniel P. McKiernan, Esquire, as it's trial counsel.

Plaintiffs
By their Attorneys,
*McKiernan Law*

_____
Daniel P. McKiernan, Esquire (#4705)
243 North Main Street
Providence, RI 02903
(401) 223-1400
(401) 223-1401 (fax)

6