UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MILDRED ISE,<br>      Plaintiff,<br><br>v.<br><br>HARBORSIDE RHODE ISLAND LIMITED<br>PARTNERSHIP; HARBORSIDE HEALTH I,<br>LLC; SUNBRIDGE HEALTH CARE, LLC,<br>      Defendants. | C. A. No. 12-383-M |

**MEMORANDUM & ORDER**

JOHN J. MCCONNELL, JR., United States District Judge.

The Court GRANTS Plaintiff Mildred Ise's Motion for Remand, pursuant to 28 U.S.C. § 1447(c), because it does not appear to a legal certainty on the face of Plaintiff's complaint that the amount in controversy will exceed $75,000, for reasons discussed below. Therefore, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

## I. FACTUAL ALLEGATIONS

In April 2009, Plaintiff Mildred Ise ("Ms. Ise"), an elderly woman suffering from dementia, resided in the Greenwood Care and Rehabilitation Center ("Greenwood"), a long-term care facility in Warwick, Rhode Island. (ECF No. 1-1 at 3; No. 10-1 at 1.) Defendants Harborside Rhode Island Limited Partnership; Harborside Health I, LLC; and Sunbridge Health Care, LLC ("Harborside") were responsible for various supervisory, staffing, and security duties at Greenwood, as well as its general operations. (ECF No. 1-1 at 3-4.)

During her time at Greenwood, Ms. Ise wore a diamond engagement ring on her left hand worth approximately $10,000. (ECF No. 10-1 at 1.) Removal of the ring would be difficult and painful for Ms. Ise, who suffers arthritis in the joints of her fingers. (ECF No. 1-1 at 5.) On

April 17, 2009, Ms. Ise's son visited her and noticed the ring was missing. (ECF No. 1-1 at 5.) Although Ms. Ise's dementia renders her "unable to reliably communicate," based on observations from other visitors, Ms. Ise alleges the ring was forcibly removed by an unknown person between April 10, 2009 and her son's visit on April 17, 2009. (ECF No. 1-1 at 5; No. 10-1 at 1, 4.) The ring's removal left Ms. Ise with some bruising, but without broken bones or other serious injuries. (ECF No. 10-1 at 4.)

## II. PROCEDURAL HISTORY

On April 12, 2012, Ms. Ise brought the instant action in Superior Court in the State of Rhode Island against Harborside for breach of contract, negligence, and civil battery. (ECF No. 1-1.) Pursuant to 28 U.S.C. § 1441(a), Harborside removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.) Ms. Ise filed a Motion for Remand to which Harborside objected. (ECF Nos. 10, 11.)

## III. ANALYSIS

As the party invoking federal diversity jurisdiction, Harborside has the burden of proving that the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). Although the parties dispute whether there is diversity among them, the Court need not reach this issue based upon the absence of the requisite amount in controversy. (ECF No. 10-1 at 4; No. 11-1 at 5-7.)

By contesting the amount in controversy, Harborside shoulders "'the burden of alleging with sufficient particularity facts indicating that it is *not* a legal certainty that the claim involves less than the jurisdictional amount.'" *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (emphasis added) (quoting *Dep't of Recreation and Sports v. World Boxing Ass'n*, 942 F.2d 84,

88 (1st Cir.1991)). Although "the First Circuit has not yet articulated the defendant's burden of proving the amount in controversy where the plaintiff has not claimed a specific amount of damages in the pleadings," it is clear to a legal certainty in this case that the claim involves less than the jurisdictional amount. *Toglan v. Marriott Int'l, Inc.*, CA 10-10954-MLW, 2011 WL 3625270 (D. Mass. Aug. 15, 2011) (quoting *Nollett v. Palmer*, C.A. No. 02–265–JD, 2002 WL 1674379, at *2 (D.N.H. July 18, 2002)). Ms. Ise sustained "some bruising" and the loss of a $10,000 ring, and seeks "compensatory damages, attorneys' fees, [and] interest and costs" in her complaint. (ECF No. 10-1 at 4; No. 1-1 at 6-8.) While Ms. Ise's losses, both tangible and intangible, are significant, even awarding punitive damages five times the value of her ring would not bring damages within shouting distance of the amount in controversy requirement. *Id.*

Cases cited by Harborside have no application given the facts in this case. In *Follis v. Interstate Motel Lodges*, the five plaintiffs claimed at least $20,000 in damages each, potentially $100,000 or more in the aggregate;[1] per plaintiff, each claim was on its face twice the requisite amount in controversy in 1970. 423 F. Supp. 586, 587 (D.R.I. 1976); (ECF No. 11-1 at 3.) In contrast, Ms. Ise has claimed damages approximately one-seventh of the requisite amount in controversy with unspecified additional damages based on bruising and other, less tangible indignities. (ECF No. 10-1 at 4.) In light of these facts, "an award in excess of the jurisdictional amount" is not in the "realm of legal possibility." *Follis* 423 F. Supp. at 587; (ECF No. 11-1 at 3.)

Similarly, *Moore v. T.C.R., II Inc., d/b/a Marshall Manor* involves allegations of actions far more financially disastrous and personally damaging on the part of the defendant, including

---

[1] In *Follis*, the Court noted, "It is not clear from plaintiffs' complaint whether each plaintiff is demanding $100,000 in damages or whether this sum is the aggregate amount claimed for all of them. However, the damages claimed by plaintiffs amount to $20,000 each, even if the $100,000 total is construed as aggregate." 423 F. Supp. at 587.

fraud, inducement, and a wrongful death claim. (ECF No. 11-1 at 26.) Based on the seriousness of the allegations, the plaintiff prayed for damages in excess of the amount in controversy. *Id.* In stark contrast to *Moore*, not only did Ms. Ise suffer – and plead – limited financial damages below the amount in controversy, her physical injuries were limited to bruising. (ECF No. 10-1 at 4.)

Because Harborside failed to allege facts indicating that it is legally certain damages will involve more than the amount in controversy, the Court cannot exert its jurisdiction over this claim.

## IV.   CONCLUSION

For the foregoing reasons, Ms. Ise's Motion to Remand (ECF No. 10) is GRANTED, and this case is remanded to the Superior Court of Rhode Island from whence it came.

IT IS SO ORDERED:

*/s/ John J. McConnell, Jr.*
John J. McConnell, Jr.
United States District Judge

July 3, 2012